IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIN N. LUU,                              )
                                         )
         Plaintiff,                      )
                                         )   CIVIL ACTION
v.                                       )
                                         )   No. 11-2262-KHV
MICHAEL J. ASTRUE, Commissioner of the   )
Social Security Administration,          )
                                         )
         Defendant.                      )
                                         )

## MEMORANDUM AND ORDER

Plaintiff appeals the final decision of the Commissioner of Social Security to deny disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. For the reasons stated below, the Court reverses the Commissioner's decision and remands the case for further proceedings consistent with this order.

## Procedural Background

On October 24, 2007, plaintiff applied for disability insurance benefits, alleging disability as of April 28, 2006. The Commissioner denied plaintiff's claim initially and on reconsideration. On January 6, 2010, following a hearing at which plaintiff was represented by an attorney, an administrative law judge ("ALJ") found that plaintiff was not disabled as defined by the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). The Appeals Council denied plaintiff's request for review. The ALJ decision therefore stands as the final decision of the Commissioner. See 42 U.S.C. § 405(g); see also Tr. 1. On May 12, 2011, plaintiff appealed to this Court the final decision of the Commissioner.

## Facts

Plaintiff was born in Vietnam in 1962. His educational history and the exact year and age

at which he came to the United States are uncertain. Although the record is inconsistent with respect to how many years of schooling plaintiff has completed, it appears that he finished high school in Vietnam. He moved to the United States when he was about 18 years old. At the time of the ALJ hearing, plaintiff believed that he had been in the United States for 29 years.

Plaintiff alleges that he became disabled on April 28, 2006, following coronary artery bypass surgery. The ALJ found that plaintiff had engaged in substantial gainful activity after April 28, 2006, but had not engaged in such activity since the date of his application for disability insurance benefits on October 24, 2007. Plaintiff does not dispute this finding. The ALJ treated October 24, 2007 as the onset date.[1] Plaintiff previously worked as a machine operator, cook, tire installer, janitor and electrical meter builder.

In his order dated January 6, 2010, the ALJ concluded as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has engaged in substantial gainful activity since April 28, 2006, the alleged onset date (20 CFR 404.1571 et seq.) . . . [but] has not appeared to have performed any substantial gainful activity since his 2007 application date. Accordingly, further evaluation is appropriate.

3. The claimant has the following severe impairments: coronary artery disease, status post bypass surgery; history of 2007 cerebrovascular accident; cervical degenerative disk disease, mild bilateral carpal tunnel syndrome (20 CFR 404.1520(c)). . . . Also noted are the medically determinable but nonsevere impairments of hypertension, dyslipidemia, gastroesophageal reflux disease, and occlusion of the left vertebral artery, which are managed by conservative treatment (Exhibit 10F, 11F).

4. The claimant does not have an impairment or combination of impairments that meets

---

[1] The ALJ stated that plaintiff did not perform substantial gainful activity since his 2007 application date, which was October 24, 2007. In stating his decision, however, the ALJ cited October 22, 2007 as the onset date. The Court finds no explanation for the discrepancy but it is immaterial to the Court's decision.

or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except with the option to sit or stand; never climbing ladders, scaffolds, or ropes; no more than occasional reaching overhead, frequent handling, and occasional fingering; and avoiding moderate exposure to cold.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565). The claimant has past relevant work as a machine operator, cook, tire installer, janitor, and electrical meter builder. The vocational expert testified that the claimant's past work exceeded the exertional limitations of his residual functional capacity. Accordingly, the claimant is unable to perform past relevant work.

7. The claimant was born on August 16, 1962 and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart1 P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 28, 2006 through the date of this decision (20 CFR 404.1520(g)).

Plaintiff appealed the ALJ decision to the Appeals Council. Finding no reason to review the decision, the Appeals Council denied plaintiff's request for review.

**Standard Of Review**

The Court reviews the Commissioner's decision to determine whether it is "free from legal error and supported by substantial evidence." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009);

see 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Wall, 561 F.3d at 1052; Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). It requires "more than a scintilla, but less than a preponderance." Wall, 561 F.3d at 1052; Lax, 489 F.3d at 1084. Whether the Commissioner's decision is supported by substantial evidence is based on the record taken as a whole. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Evidence is not substantial if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005). To determine if the decision is supported by substantial evidence, the Court will not reweigh the evidence or retry the case, but will meticulously examine the record as a whole, including anything that may undercut or detract from the Commissioner's findings. Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).

## **Analysis**

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least 12 months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)). Claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education and work experience, engage in other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R.

§ 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  In the first three steps, the Commissioner determines (1) whether claimant has engaged in substantial gainful activity since the alleged onset, (2) whether he has a severe impairment(s) and (3) whether the severity of any impairment meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  20 C.F.R. § 404.1520; Williams, 844 F.2d at 750-51.  If claimant satisfies steps one, two and three, he will automatically be found disabled; if claimant satisfies steps one and two but not three, he must satisfy step four.

After evaluating step three, the Commissioner assesses claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at steps four and five of the sequential evaluation process.  Id.  In step four, the Commissioner determines whether, based on claimant's RFC, he can perform past relevant work.  20 C.F.R. § 404.1520(a)(4); see Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four, claimant bears the burden of showing that he had one or more severe impairments that made him unable to perform past relevant work.  See Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001).  At step five, the burden shifts to the Commissioner to show that based on claimant's RFC, age, education and work experience, he can perform other work.  See 20 C.F.R. § 404.1520(a)(5).  Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff raises numerous issues on appeal.  Because the Court finds reversible error in the manner in which the ALJ weighed the medical evidence in determining plaintiff's RFC, the Court does not address plaintiff's other arguments.

In determining plaintiff's RFC (paragraph 5 above), the ALJ primarily relied on two sources

of medical evidence – plaintiff's treating physician, Ann Murphy, M.D., and a single decision maker ("SDM"), Judy Badger, who completed a Physical RFC Assessment based on plaintiff's medical records. R. 18. The ALJ gave partial weight to Dr. Murphy's medical source statement of October 30, 2009, finding that in many instances it contradicted (1) her own treatment records, (2) the medical evidence taken as a whole and (3) plaintiff's testimony. For example, the ALJ noted that "Dr. Murphy indicated . . . that the claimant was completely unable to use foot controls or perform simple grasping or handling, yet the claimant admitted that he was able to drive a car." R. 18.

The ALJ gave SDM Badger's findings "probative weight as expert opinion evidence by a non-examining source (SSR 96-6p)." R. 18. He specifically noted that Badger "opined in January 2008 that the claimant was capable of light work, with no manipulative limitations." R. 18. Accordingly, the ALJ found that plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) except with the option to sit or stand; never climbing ladders, scaffolds or ropes; no more than occasional reaching overhead, frequent handling and occasional fingering; and avoiding moderate exposure to cold. R. 18. In conclusion, the ALJ stated that his RFC determination was "supported by the entirety of the medical evidence, the evaluations of the state medical agency, and the partially credible statements of the claimant." R. 18. The ALJ clearly weighed Badger's opinions as medical evidence, and her opinions clearly influenced the ALJ's RFC finding of the ALJ. See R. 18.

The Commissioner concedes that the ALJ erred in considering Badger's opinion in determining plaintiff's RFC. See Brief Of The Commissioner (Doc. #9) filed February 3, 2012 at 12. Indeed, this Court has repeatedly held that an SDM is not a medical professional, and that an SDM opinion should not be given any weight as medical opinion. Hunter v. Astrue, No. 10-1058-

JWL, 2011 WL 752115, at *5 (D. Kan. Feb. 24, 2011) (compiling cases; noting that with one exception, cases in this district have uniformly recognized that SDM is not medical professional, and that SDM opinion worthy of no weight as medical opinion); see also Benfer v. Astrue, No. 10-1405, 2012 WL 81911, at *3 (D. Kan. Jan. 11, 2012) (in determining RFC, relying on SDM opinion without relying on doctor's opinion to support RFC finding clear error).

Although the Commissioner concedes that the ALJ erred, he argues that the error was harmless because on reconsideration, Gerald Siemsen, M.D., later affirmed Badger's assessment. Id. (citing R. 62, 208-15; Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, at *12 (D. Kan. April 4, 2011)). The Commissioner relies on Thongleuth, in which the plaintiff agreed that at the reconsideration stage, the reviewing medical consultant affirmed and adopted the opinion of the SDM. 2011 WL 1303374, at *11. In that case, the reviewing physician specifically stated that "the RFC and and/or assessment of 3-16-09 is affirmed as written." Id. at *12. Based on this statement, and plaintiff's admission, Thongleuth found that the opinion of the SDM thereby became a medical opinion within the meaning of the Act and the regulations, and must be considered and weighed accordingly." Id. at *12; see also Teneyck v. Astrue, No. 11-1233-JWL, 2012 WL 1901285, at *6 (D. Kan. May 25, 2012); Irwin v. Astrue, No. 11-2157-SAC, 2012 WL 1416671, at *5 (D. Kan. April 24, 2012).

The Commissioner argues that this case is similar to Thongleuth because Dr. Siemsen, a reviewing physician, affirmed the opinion of the SDM. In support, the Commissioner cites the Disability Determination And Transmittal Form on which Dr. Siemsen's name appears above a remark stating "Recon Affirmation." R. 62. Plaintiff's reply, however, notes that the form lists the disability examiner as Sara M. Robertson, and nowhere mentions Badger's Physical RFC

-7-

Assessment on which the ALJ relied. See R. 62; Plaintiff's Reply Brief (Doc. #13) filed September 19, 2012 at 10. Therefore, on its face, the transmittal form does not support the Commissioner's contention that Dr. Siemsen affirmed Badger's opinion on reconsideration. See R. 62. The Commissioner offers no other citation to the record or explanation that would support a finding that the transmittal form constitutes an affirmation of Badger's RFC Assessment, which the ALJ accorded probative weight. See Brief Of The Commissioner (Doc. #9) at 12. The Commissioner does not cite, and the Court has not found, any record evidence that a reviewing physician expressly affirmed Badger's opinion. It is therefore worthy of no weight as a medical opinion. See Thongleuth, 2011 WL 1303374, at *11; Hunter, 2011 WL 752115, at *5.

Here, the ALJ gave Badger's opinion probative weight as a medical opinion. With respect to her opinion, the ALJ stated as follows:

> Findings of fact made by state agency medical professionals regarding the nature and severity of an individual's impairments are granted probative weight as expert opinion evidence by a non-examining source (SSR 96-6p). The state consultant [Badger] opined in January 2008 that the claimant was capable of light work, with no manipulative limitations (Exhibit 3F). . . .
>
> In sum, the above residual functional capacity assessment is supported by the entirety of the medical evidence, the evaluations of the state medical agency, and the partially credible statements of the claimant.

R. 18. The ALJ's reliance on Badger's opinion is clear error that requires remand.

As noted above, the ALJ relied primarily on two sources of medical evidence in determining plaintiff's RFC – Dr. Murphy's medical source statement and Badger's RFC assessment. But Badger's assessment is entitled to no weight as a medical opinion. Hunter, 2011 WL 752115, at *5. The ALJ improperly gave probative weight to Badger's opinion and relied on it, among other things, to discount the weight he gave to Dr. Murphy's opinion and to determine plaintiff's RFC. His

reliance on Badger's assessment – specifically, her opinion that plaintiff had no manipulative limitations – is directly relevant to whether plaintiff can do the two jobs which the VE identified – dowel inspector, DOT 669.687-104, and egg processor, DOT 559.687-034 – both of which require frequent handling.  The VE testified that if plaintiff could only occasionally handle, as opposed to frequently handle, plaintiff would be unemployable.  See R. 49-50.

Having rejected the Commissioner's only argument that the ALJ's admitted error was harmless, and having found that the ALJ's reliance on Badger's assessment was clear and reversible error, the Court reverses and remands the case for further proceedings consistent with this order. The Court's decision does not dictate any given outcome upon remand.  It simply assures that the correct legal standards are invoked in reaching a decision based on the facts of this case.  See Hunter, 2011 WL 752115, at *5; see also 20 C.F.R. § 404.1527.

**IT IS THEREFORE ORDERED** that the Commissioner's decision be **REVERSED** and that judgment be entered under the fourth sentence of 42 U.S.C. § 405(g) **REMANDING** the case for further proceedings in accordance with this Memorandum And Order.

Dated this 13th day of November, 2012 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge